IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD BRYAN WILSON, and RILEY NICOLE SHADLE, | ) ) ) | |
| Plaintiffs, | ) ) | 8:16CV524 |
| V. | ) ) | |
| JASON GEERDES, FRED BRITTEN, CATHY SHEAIR, and SCOTT FRAKES, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) ) | |

    This matter is before the court for case management. Plaintiff Harold Wilson, who is incarcerated at the Nebraska State Penitentiary, filed a Complaint on November 30, 2016. Riley Nicole Shadle, who is likewise incarcerated at the Nebraska State Penitentiary, also signed the Complaint.

    Prisoners are allowed to file joint civil rights complaints in this district if the criteria of permissible joinder under Federal Rule of Civil Procedure 20 are satisfied. However, pursuant to the Prison Litigation Reform Act, each prisoner in a joint action must pay the full civil filing fee. *See* Cole v. Houston, No. 4:06cv3314, 2007 WL 1309821 (D. Neb. March 30, 2007). In other words, each prisoner in a joint action must pay the full civil filing fee, just as if he had filed the suit individually.

    Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, this court will alert Plaintiffs to the individual payment requirement, as well as other risks they face in joint pro se litigation. Therefore, the court offers Plaintiff Riley Nicole Shadle[1] an

---

[1]The court designates Plaintiff Harold Wilson, whose name is listed first on the pleadings, as the "lead plaintiff" for purposes of this order because the Complaint and

opportunity to withdraw from this litigation before the case progresses further. Plaintiff may wish to take the following points into consideration when making his decision:

- He must pay the full $350 filing fee, either in installments or in full, regardless of whether this action is dismissed, severed, or allowed to proceed as a group complaint.

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

Plaintiffs must note that any proposed amended complaint or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See* Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. Plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

---

the motion filed to date indicate that he has taken the initiative to bring this action.

IT IS THEREFORE ORDERED that:

1.      The non-lead Plaintiff, Riley Nicole Shadle, shall have 30 days from the date of entry of this order in which to advise the court whether he wishes to continue as a Plaintiff in this group action. If, by that deadline, Shadle advises the court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[2] **This is the only way to avoid the obligation to pay a filing fee for this action.**

Alternatively, if any Plaintiff (including Harold Wilson) wants to pursue his claims individually in a separate lawsuit, he shall so advise the court in writing, and his claims shall be severed into a new action where a filing fee will be assessed.

2.      Each non-lead Plaintiff who chooses to continue as a Plaintiff, either in this action or in a severed individual case, is hereby ORDERED to pay the court's filing fee or file a properly completed motion for leave to proceed in forma pauperis (IFP) within 30 days from the date of this Memorandum and Order. The clerk's office is directed to send the Form AO240 to Riley Nicole Shadle.

Failure to submit a properly completed IFP motion does not relieve a non-lead Plaintiff of the obligation to pay a filing fee, unless he also submits timely written notice that he does not intend to proceed with the action. **Any non-lead Plaintiff who simply does not respond to this Memorandum and Order within 30 days will be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

---

[2] As the lead Plaintiff, Harold Wilson, may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

3.	Plaintiffs are again WARNED that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

4.	Plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the court informed of any change in his address.

5.	The clerk of court is directed to set a pro se case management deadline using the following text: January 6, 2017: Check for Response to Memorandum and Order.

DATED this 7th day of December, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge