IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD BRYAN WILSON, and RILEY NICOLE SHADLE, | ) ) ) | |
| Plaintiffs, | ) ) | 8:16CV524 |
| V. | ) ) | |
| JASON GEERDES, FRED BRITTEN, CATHY SHEAIR, and SCOTT FRAKES, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

Plaintiff Harold Wilson ("Wilson"), who is incarcerated at the Nebraska State Penitentiary, filed a Complaint on November 30, 2016. (Filing No. 1.) At the time this lawsuit was filed, Wilson was incarcerated at the Lincoln Correctional Center. Riley Nicole Shadle ("Shadle"), who is incarcerated at the Lincoln Correctional Center, also signed the Complaint. In response to an order issued by this court on December 7, 2016 (Filing No. 6), Wilson and Shadle have advised the court that they both wish to proceed in this action.

Wilson has filed a Motion for Leave to Proceed In Forma Pauperis. (Filing No. 2.) The court has received a certified copy of Wilson's trust account information. (Filing No. 3.) Wilson is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Wilson must pay an initial partial filing fee in the amount of 20 percent of the greater of Wilson's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the court finds the initial partial filing fee is $35.79, based on an average monthly account balance of $178.95. Wilson must pay this initial partial filing fee within 30 days or his case will be subject to dismissal. Wilson may request an extension of time if one is needed.

In addition to the initial partial filing fee, Wilson must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Wilson's institution must collect the remaining installments of the filing fee and forward the payments to the court.

Wilson is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529-30; *Jackson*, 173 F. Supp. 2d at 951.

On December 9, 2016, Wilson filed a motion requesting that three individuals be added to the suit as defendants. (Filing No. 9.) This motion will be denied without prejudice to Wilson filing a proper motion to amend the Complaint in accordance with

the local rules of this court.  *See* NECivR 15.1.

On December 27, 2016, Wilson also filed a Motion for Preliminary Injunction and/or Temporary Restraining Order.  (Filing No. 12.)  The motion requests that the court direct Defendants to (1) allow Wilson and Shadle to correspond with one another regarding this action and (2) transfer Wilson from the Nebraska State Penitentiary to the Lincoln Correctional Center, where Shadle is currently incarcerated.  Wilson contends that Plaintiffs have been prevented from communicating and, thus, cannot comply with the court's requirement that pleadings be signed by both parties.  Wilson asserts that he has been prevented from corresponding with Shadle since October 30, 2016.  Wilson further contends that because he is a certified legal aide with a paralegal degree, Shadle will be harmed if he does not have Wilson's assistance in this action.

To determine whether to grant preliminary injunctive relief, the court evaluates (1) the probability of Plaintiffs' success on the merits; (2) the threat of irreparable harm to Plaintiffs; (3) the threat of harm to Respondents balanced against the harm to Plaintiffs; and (4) the public interest.  *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

The court finds that injunctive relief is not warranted at this time.  At this stage in the litigation, Plaintiffs have not paid their initial partial filing fees, and the court has not conducted an initial review of the Complaint.  Further, the court notes that Shadle was seemingly able to sign the Complaint in this action, which was filed on November 30, 2016, despite Plaintiffs' alleged inability to communicate.  (Filing No. 1.)  Shadle was also able to file a Motion for Leave to Proceed In Forma Pauperis (Filing No. 10) on his own behalf.  In short, there is no indication that Plaintiffs will suffer irreparable harm in the absence of an injunction at this point in the litigation.

IT IS THEREFORE ORDERED that:

1. Wilson's Motion for Leave to Proceed IFP (Filing No. 2) is granted.

2. Wilson must pay an initial partial filing fee of $35.79 within 30 days, unless the court extends the time in which he has to pay in response to a written motion.

3. After payment of the initial partial filing fee, Wilson's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the court.

4. The clerk's office is directed to send a copy of this order to the appropriate official at Wilson's institution.

5. The clerk's office is directed to set a pro se case management deadline in this case using the following text: **January 28, 2017**: initial partial filing fee payment due.

6. Wilson is advised that, following payment of the initial partial filing fee, the next step in this case will be for the court to conduct an initial review of the claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

7. Wilson's Motion to Amend (Filing No. 9) is denied without prejudice to him filing a proper motion to amend which complies with the local rules of this court.

8. Wilson's Motion for Preliminary Injunction and/or Temporary Restraining Order (Filing No. 12) is denied without prejudice to reassertion.

DATED this 29th day of December, 2016.

BY THE COURT:

S/ *Richard G. Kopf*
Senior United States District Judge