# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **HAROLD BRYAN WILSON and RILEY NICOLE SHADLE,**<br><br>PlaintiffS,<br><br>v.<br><br>**JASON GEERDES, et al.,**<br><br>Defendants. | Case No. 8:16-CV-524<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS** |

COME NOW Defendants Geerdes, Britten, Sheair, and Frakes, in their official capacities, submit this brief in support of their motion dismiss the Complaint (Filing 1) to the extent it fails to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

In its order permitting the Complaint to proceed to service of process, the Court, after liberally construing the pleadings, recognized federal constitutional claims of due process, equal protection, and retaliation against Defendants. Filing 25 at 2. Presumably as a result of the Complaint's allegation that one of the proposed spouses is a transgender inmate residing in a male facility, the Court cited *Obergefell v. Hodges,* 135 S. Ct. 2584 (2015), as having established the fundamental right to marry for same-sex couples. Filing 25 at 2. To be sure, this is not a same-sex marriage prohibition case. The Nebraska Department of Correctional Services ("NDCS") has not restricted Plaintiff

1

Harold Wilson and Riley Nicole Shadle from marrying due to their gender. Rather, such restriction was imposed in accordance with the constitutional parameters set out in *Turner v. Safley,* 482 U.S. 78 (1987), which Defendants will address in a future evidence-backed summary judgment motion. Defendants will do likewise regarding Wilson's retaliatory transfer claim. *See* Argument Part 3, below.

In the interim, however, the Complaint is defective and fails to state a claim in several key respects. Shadle has acknowledged Shadle did not sign the Complaint and instead allowed Wilson (a non-lawyer) to affix his signature instead. The result is that Shadle has no operative pleading on file, rendering his party status at this juncture questionable.

Further, the Complaint fails to allege an equal protection claim. Without a threshold showing that Wilson and Shadle are similarly situated to those who allegedly receive favorable treatment, the equal protection claim is not viable and should be dismissed, with prejudice. Defendants will address these issues in turn.

## LEGAL STANDARD

The Court set forth the applicable legal standard in its order on initial review:

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

> "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Filing 13 at 3.

## ARGUMENT

**1. Riley Nicole Shadle did not sign the Complaint and is not a party.[1]**

Federal Rule of Civil Procedure 11(a) requires, in no uncertain terms:

> Every pleading, written motion, and other paper *must be signed* by at least one attorney of record in the attorney's name—*or by a party personally if the party is unrepresented*. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. *The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.*

(emphasis added).

It is now undisputed that Riley Nicole Shadle has not signed the operative pleading in this case. Likewise, it appears that Shadle failed to correct this defect despite knowing Shadle had not signed the Complaint and receiving multiple orders of this

---

[1] In the sections following this argument and in the other filings submitted today by Defendants. Defendants refer only to Wilson as a party-plaintiff. Defendants do so given their presumption that with Shadle having neither signed an operative pleading nor subsequently corrected this failure, Shadle is not technically a party to the action. Should the Court reject this argument and deem Shadle a party, all dismissal arguments made against Wilson apply with equal force against Shadle.

3

Court reiterating Rule 11's requirements. The Court should strike the Complaint to the extent it purports to be Shadle's pleading and/or enter an order formalizing the dismissal of Shadle, without prejudice, in light of Shadle's non-party status.

Plaintiff Wilson filed a Complaint on November 30, 2016, which purported to include both Wilson's signature and that of Shadle. *See* Filing 1 at CM/ECF pp. 3. In an early case management order, the Court advised Wilson and Shadle of their Rule 11 signature responsibilities in plain terms:

> Plaintiffs must note that any proposed amended complaint or other document filed on behalf of multiple Plaintiffs *must be signed by* **each** *of the Plaintiffs. As long as Plaintiffs appear without counsel in this action,* **each** *Plaintiff must sign documents* **for himself***. See* Fed. R. Civ. P. 11. **A non-attorney cannot file or sign papers for another litigant**. Plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement *shall be stricken* pursuant to Rule 11(a).

Filing 6 at 2 (emphasis added). Significantly, this order was premised on the Court's express assumption that "Riley Nicole Shadle … also signed the Complaint." *Id.* at 1.

No response came from either Wilson or Shadle to indicate anything was amiss with that purported to be Shadle's signature on the Complaint. They instead advised the Court they wished to proceed in the action and the Court separately granted them permission to proceed in forma pauperis. Filings 13-14.

In January, however, Shadle filed a letter with the Court seeking reconsideration of the denial of an earlier preliminary injunction motion. Filing 24. In the letter, Shadle states, in pertinent part:

4

> I agreed to do this suit before I was forced into seg *so I gave 'Wilson' my permission to sign my name on my behalf.* I do not know much about legal stuff and could really use Wilson's help. I know how to file a Motion for Leave to Proceed In Informa Pauperis [sic] due to my lawsuits 5:15CV3132 and 8:16CV546. *So again I allowed him to sign my name for the Complaint since I couldn't be present to do so,* and I do need legal help which is why I requested a lawyer in both my cases.

Filing 24 at CM/ECF p. 1 (emphasis added).

The Court appears to have observed that its previous assumption regarding Shadle's signature was potentially in error, however, given its notation in the order allowing the case to proceed to service of process. *See* Filing 25 at 1 n.1 ("Shadle Alleges that Wilson signed the Complaint with her permission."). The Court indicated it would revisit the issue and possibly appoint counsel after Defendants' response. *See id.*

Defendants do not seek to unnecessarily bog this already motions-intensive case down with a presumably curable pleadings signature issue. Nor do the Defendants (on the information presently available) realistically question that Shadle indeed desires to be a litigant in this case, given Shadle's repeated direct participation throughout. Nevertheless, Shadle's party status is questionable in light of the fact that there is no operative pleading on file which has been either signed by Shadle personally or by an attorney representing Shadle. *See, e.g., Goodyear v. Scott,* 2013 WL 5720324, at *2 (N.D. Fla. Oct. 21, 2013) ("The amended complaint…is unsigned by Plaintiff and is a legal nullity.").

Arguably, this issue has already been called to Shadle's attention and went uncorrected, in light of the Court's case management order setting out Rule 11's

5

requirements. The Court should consider striking the Complaint to the extent it purports to be Shadle's pleading, pursuant to the "shall strike" component of Rule 11(a). At minimum, however, the Court should direct the prompt correction of this defect. *See Dean v. Blum,* 2007 WL 2264615, at *3 (D. Neb. Aug. 6, 2007) (warning of such striking in the event an unsigned complaint was not corrected).

**2. Failure to plead a claim under the Equal Protection Clause.**

"The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Fitzgerald v. Nebraska Dep't of Corr. Servs.,* No. 8:16CV101, 2016 WL 4443903, at *3 (D. Neb. Aug. 22, 2016) (quoting *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994)). "Dissimilar treatment of dissimilarly situated persons does not violate equal protection." *Id.* "Thus the first step in an equal protection case is determining whether the plaintiff has demonstrated that [he] was treated differently than others who were similarly situated to [him]. Absent a threshold showing that [he] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.*

The Complaint fails to make this threshold showing. The Equal Protection Claim is premised entirely on an allegation that Wilson and Shadle are "similarly situated" to "Mr. and Mrs. Paul Gilpatrick [sic], both inmates of the Department of Corrections who were legally married … in 2016." Filing 1 at 2; Filing 25 at 2 (this Court's recognition of an equal protection claim based on the "Gilpatrick" marriage allegation).

Defendants can acknowledge that Wilson and Shadle are similarly situated to inmate Paul Gillpatrick and his inmate-fiancé to the extent that both couples are currently incarcerated by the Nebraska Department of Correctional Services and both seek to be married. But Gillpatrick and his fiancé (Niccole Wetherell) have *not* been permitted to marry by NDCS. Indeed, the fact that they have not is a matter of public record. *See Paul Gillpatrick and Niccole Wetherell v. Diane Sabatka-Rine, et al.,* No. S-16-212 (Neb. argued Feb. 28, 2017), https://supremecourt.nebraska.gov/21096/gillpatrick-v-department-correctional-services; *see also* S*tahl v. U.S. Dept. of Agriculture,* 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

For this simple reason, the Complaint fails to allege that Wilson and Shadle are "similarly situated to those who allegedly receive favorable treatment." *Fitzgerald,* 2016 WL 4443903, at *3; *Klinger*, 31 F.3d at 731. The equal protection claim should accordingly be dismissed, with prejudice.

### 3. Retaliation and due process.

Wilson must ultimately clear a high hurdle to prove a claim of retaliatory transfer. "A prisoner enjoys no constitutional right to remain in a particular institution. *Saylor v. Nebraska,* 812 F.3d 637, 646 (8th Cir. 2016) (internal quotation omitted). "In fact, prison officials may transfer a prisoner for whatever reason or for no reason at all." *Id.* However, a prisoner cannot be transferred in retaliation for the exercise of a constitutional right. *Id.*; *see also Goff v. Burton,* 7 F.3d 734, 737 (8th Cir. 1993). "In raising

7

a retaliatory transfer claim, the prisoner must face a substantial burden in attempting to prove that the actual motivating factor for his transfer was the impermissible retaliation." *Goff,* 7 F.3d at 737 (internal quotation omitted).

Likewise, the due process claim will require an analysis of whether Wilson's inability to marry Shadle, a fellow inmate, impermissibly impinges upon a constitutional right by failing to reasonably relate to a legitimate penological interest, as set out in *Turner v. Safley,* 482 U.S. 78 (1987). However, Defendants acknowledge that the retaliation and due process claims are appropriately resolved with evidence and will substantively address them in a post-answer motion for summary judgment.

## CONCLUSION AND PRAYER FOR RELIEF

Defendants request the Court enter an order dismissing the Complaint to the extent is fails to state a claim, as set forth herein.

Submitted March 29, 2017.

> **JASON GEERDES, FRED BRITTEN, CATHY SHEAIR, and SCOTT FRAKES, Defendants.**
>
> By: DOUGLAS J. PETERSON
> *Attorney General of Nebraska*
>
> By: *s/ David A. Lopez*
> David A. Lopez, NE #24947
> *Assistant Attorney General*
>
> OFFICE OF THE ATTORNEY GENERAL
> 2115 State Capitol
> Lincoln, Nebraska 68509
> (402) 471-2682

Dave.Lopez@nebraska.gov
Attorneys for Defendants.

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2017, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, causing notice of such filing to be served upon all parties registered on the CM/ECF system.

Additionally, I sent a copy of the foregoing document to Plaintiffs by First Class U.S. Mail, postage prepaid, at the following addresses:

Riley Nicole Shadle, #82297
Lincoln Correctional Center
P.O. Box 22800
Lincoln, NE 68542

Harold B. Wilson, #37418
Nebraska State Penitentiary
P.O. Box 22500
Lincoln, NE 68542-2500

By: *s/ David A. Lopez*