IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| HAROLD BRYAN WILSON, and RILEY NICOLE SHADLE, | 8:16CV524 |
|---|---|
| Plaintiffs, | |
| vs. | ORDER |
| JASON GEERDES, FRED BRITTEN, CATHY SHEAIR, SCOTT FRAKES, BRAD EXSTROM, TROY HAWK, and RICHARD CRUICKSHANK, | |
| Defendants. | |

Counsel has now been appointed for Plaintiffs, and he has entered his appearance.[1] (Filing Nos. 47 & 48).

Prior to appointment of counsel, Plaintiffs filed several pro se motions, including Wilson's motion to amend and add parties, (Filing No. 18); Wilson's motion to require the penitentiary to permit the presence of another inmate at all court proceedings, (Filing No. 17); Wilson's motion to permit him to pay Shadle's full filing fee, (Filing No. 22); and Shadle's motion to make payments on the filing fee directly to the court and not through the penal institution, (Filing No. 41).

Filing 22 and filing 41 are inconsistent: Wilson wants to pay Shadle's full filing fee and Shadle wants to make payments. The issue before the court—the right to marry—is personal as to each plaintiff. It cannot be assigned from one plaintiff to the other. And absent some clear indication that Shadle agrees to

---

[1] The court sincerely thanks Mr. Gooch for accepting the appointment as counsel for both plaintiffs in this case.

have Wilson pay the expenses related to this litigation, which is contrary to the language of Shadle's own motion, the court will not grant Wilson's motion to pay Shadle's litigation expenses.[2]

Accordingly,

IT IS ORDERED:

1) Plaintiff Wilson's motion to amend the complaint to add additional defendants, (Filing No. 18), is denied without prejudice to re-filing, if appropriate, through his court-appointed counsel.

2) Plaintiff Wilson's motion to permit the presence of an inmate advisor at teleconference hearings, (Filing No. 17), is denied.

3) Plaintiff Wilson's motion to pay the full filing fee for co-plaintiff Shadle, (Filing No. 22), is denied.

4) Plaintiff Shadle's motion to make filing fee payments directly to the court rather than through the penal institution, (Filing No. 41), is denied.

5) Defendants' motion to restrict access to Wilson's filing 20 (which includes Shadle's date of birth and social security number), (Filing No. 45) is granted. Filing 20 is now a restricted access filing.

April 12, 2017.　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　*s/ Cheryl R. Zwart*
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] See <u>Andersen v. Ganz</u>, 6 Neb. App. 224, 230, 572 N.W.2d 414, 418 (1997) (discussing champerty).