IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL GILLPATRICK, and NICCOLE WETHERELL,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT FRAKES, Director, in his Official Capacity; et. al;<br><br>Defendants. | **4:18CV3011**<br><br>**ORDER** |
| HAROLD BRYAN WILSON, and RILEY NICOLE SHADLE,<br><br>Plaintiffs,<br><br>vs.<br><br>JASON GEERDES, in his Official Capacity; et. al;<br><br>Defendants. | **8:16CV524**<br><br>**ORDER** |

Defendants have moved to consolidate the above-captioned cases. Counsel for Plaintiffs in Gillpatrick et al v. Frakes et al, 4:18-cv-03011-RFR-CRZ have filed a formal objection. (Filing No. 16).

Michael Gooch represents Plaintiffs in both cases, and both cases are assigned to Judge Robert Rossiter as the presiding judge, and the undersigned magistrate judge as the referral judge. In both cases, the plaintiffs who wish to marry are presently housed in separate facilities, and Plaintiffs are claiming Defendants' policies effectively prohibit them from exercising their right to marry

by denying transport for an in-person marriage ceremony while also denying a marriage ceremony through the use of technology.

But there are factual issues raised in <u>Wilson</u> that are not present in <u>Gillpatrick</u>. Specifically, Wilson claims he was transferred to a different facility in retaliation for requesting permission to marry, and he was denied access to a notary to eliminate his ability to properly sign necessary marriage documents. And Wilson may not be eligible to marry; that is, he may already be married. (Filing No. 16-1). Pretrial discovery unique to <u>Wilson</u> will slow the progression of that case and may moot it altogether.

While the above-captioned lawsuits present overlapping legal issues and factual issues (e.g, the DOC policies), the case disparities are sufficient to warrant separate case progression and trials. Defendants' motions to consolidate will be denied. That said, as to any discovery of relevant DOC policies and procedures that may be relevant in both cases, and the depositions of Defendants or Defendants' employee witnesses common to both cases, the parties are encouraged to cooperate in avoiding duplication of time, expense, and effort in obtaining that discovery. See Fed. R. Civ. P. 1.

Accordingly,

IT IS ORDERED:

1)     Plaintiffs' objection, (<u>Gillpatrick et al v. Frakes et al</u>, 4:18-cv-03011-RFR-CRZ, Filing No. 16), is sustained.

2)    Defendants' motions to consolidate, (Gillpatrick et al v. Frakes et al, 4:18-cv-03011-RFR-CRZ, Filing No. 2, and Wilson et al v. Geerdes et al, 8:16-cv-00524-RFR-CRZ, Filing No. 69), are denied.

March 23, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge