IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAROLD BRYAN WILSON, and RILEY NICOLE SHADLE,<br><br>Plaintiffs,<br><br>vs.<br><br>JASON GEERDES, in their Official Capacity; SCOTT FRAKES, Director, in their Official Capacity; TAGGART BOYD, Warden, in their Official Capacity; and ROBERT MADSEN, Warden, in their Official Capacity;<br><br>Defendants. | 8:16CV524<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter is before the Court on the Parties' Joint Motion for Entry of Stipulated Protective Order. (Filing No. 89). The Motion, (Filing No. 89), is granted as outlined below.

HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to Plaintiffs to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment

for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiffs to attorneys representing the Plaintiffs and Defendant in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiffs for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing Plaintiffs' protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiffs' protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiffs' protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Plaintiffs' protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Plaintiff, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information pertaining to Plaintiffs that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery

requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiffs' protected health information under seal.

PROTECTIVE ORDER FOR CONFIDENTIAL INMATE INDIVIDUAL FILES

Pursuant to Fed. R. Civ. P. 26(c) and Neb. Rev. Stat. § 83-178, the Court finds good cause for the issuance of a protective order and ORDERS as follows

10. The parties and their attorneys are hereby authorized to receive, subpoena and transmit Nebraska Department of Correctional Services "individual files" pertaining to Plaintiffs to the extent and subject to the conditions outlined herein.

11. For the purposes of this protective order, "individual files" shall have the same scope and definition as set forth in Neb. Rev. Stat. § 83-178.

12. This authorization does not apply to presentence investigation reports, the confidentiality of which shall be maintained as provided by Neb. Rev. Stat. § 29-2261. In the event any presentence report, or any portion thereof, is inadvertently disclosed, counsel or a party in possession of such inadvertent disclosure shall immediately notify counsel for the Defendants and either destroy such materials or return them to the disclosing party.

Dated this 13th day of June, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge