IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAROLD BRYAN WILSON,<br><br>                    Plaintiffs,<br><br>      vs.<br><br>JASON GEERDES, in his Official Capacity;<br><br>                    Defendant. | **8:16CV524**<br><br>**ORDER** |

      Plaintiff Wilson has moved for new counsel and for reimbursement of filing fees he paid on behalf of co-plaintiff Riley Shadle. (Filing No. 108).

      Shadle and the defendants have settled, with the State of Nebraska agreeing to pay $400.00 to Plaintiff Shadle. From this amount, Wilson claims he is entitled to reimbursement of the filing fee he advanced to Shadle.

      Any claim over Wilson's payment of Shadle's filing fees is a contract or equity action between Wilson and Shadle, and it is wholly separate from the merits of the above-captioned lawsuit. This court lacks subject matter jurisdiction to determine whether Wilson has a potential claim for recovery of a $400.00 filing fee he allegedly paid on Shadle's behalf. (Filing No. 106-1).

      As to Wilson's request for a new court-appointed attorney, a civil litigant has no constitutional or statutory right to a court-appointed counsel. The court may, however, make such an appointment at its discretion. Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996). A trial court decides whether both the pro se party and the court will benefit from the appointment of counsel, taking into account the issues presented, the factual and legal complexity of the case, the presence or absence

of conflicting testimony, the pro se party's ability to investigate the facts and present or defend the claim, the party's ability to hire an attorney, and whether and to what extent the unrepresented party made any effort to retain counsel before seeking court-appointed counsel. See, Id.

The complaint filed by Wilson and Shadle asks the court to enjoin the defendants from hindering or obstructing Wilson's and Shadle's right to marry each other and to award damages for impeding their marriage and for retaliating against Wilson for pursuing his right to marry. This court appointed counsel to assist Wilson and Shadle with litigating their claims asserting a constitutional right to marriage. Now that Shadle has settled, Wilson may no longer have a justiciable marriage claim; that is, if Shadle no longer wants to marry Wilson, Wilson's right to marriage claims may be moot. As to Wilson's damage claims for alleged retaliation, those claims are neither legally nor factually complex and it is unlikely this court would appoint counsel to assist Wilson in litigating those claims.

Moreover, Wilson was the recipient of a $75,000 settlement in 2014, such settlement to be made by payments over years. 4:12-cv-03061-LSC-PRSE, (Filing No. 84).[1] Wilson's motion to proceed in forma pauperis does not mention that money or potential source of revenue. (Filing No. 2). Finally, Wilson has not explained what attempts, if any, he has made to retain counsel to represent his interests. Accordingly,

IT IS ORDERED:

1) Plaintiff Wilson's motion for appointed counsel, (Filing No. 108), is denied.

---

[1] Gracy Sedlak served as Wilson's power of attorney during this prior case. (Filing No. 71, at CM/ECF p. 5, ¶ 3).

2) On or before February 11, 2019, Plaintiff Wilson shall either: (a) obtain the services of counsel and have that attorney file an appearance in this case; or (b) file a statement notifying the court of his intent to litigate this case without the assistance of counsel. The failure to do so may result in a dismissal of Plaintiff Wilson's claims without further notice.

January 29, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge