IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HAROLD BRYAN WILSON,

                    Plaintiffs,

          vs.

JASON GEERDES, in his Official
Capacity;

                    Defendants.

8:16CV524

ORDER

Plaintiff Wilson filed an "Objection to Dismissal." (Filing No. 112). Liberally construed, Wilson objects to the motion to dismiss filed by his former co-Plaintiff, Riley Shadle, asserting the counsel who was appointed to represent both Shadle and Wilson "misrepresented Ms. Shadle's wishes and has not followed [Wilson's] instructions." (Filing No. 112, ¶¶ 1-2). Wilson states he paid Shadle's filing fee and he wants this lawsuit to continue.

Even assuming Wilson paid Shadle's filing fee, (see Filing No. 112, ¶ 5), that payment does not afford Wilson the right to control Shadle's lawsuit or to object to Shadle's decision to settle and dismiss her case against the defendants. Wilson lacks standing to challenge the dismissal of Shadle's case.

Wilson again asks the court to appoint counsel for him, explaining "I wish to continue this action, have tried to obtain counsel several times, but with only a $200 monthly income cannot afford the retainer for I am in the hospital [without] access to legal materials and computers." (Filing No. 112, ¶ 3).

As stated in the court's prior order:

The complaint filed by Wilson and Shadle asks the court to enjoin the defendants from hindering or obstructing Wilson's and Shadle's right to marry each other and to award damages for impeding their marriage and for retaliating against Wilson for pursuing his right to marry. . . . This court appointed counsel to assist Wilson and Shadle with litigating their claims asserting a constitutional right to marriage. Now that Shadle has settled, Wilson may no longer have a justiciable marriage claim; that is, if Shadle no longer wants to marry Wilson, Wilson's right to marriage claims may be moot. As to Wilson's damage claims for alleged retaliation, those claims are neither legally nor factually complex and it is unlikely this court would appoint counsel to assist Wilson in litigating those claims.

Moreover, Wilson was the recipient of a $75,000 settlement in 2014, such settlement to be made by payments over years. 4:12-cv-03061-LSC-PRSE, (Filing No. 84). Wilson's motion to proceed in forma pauperis does not mention that money or potential source of revenue. (Filing No. 2). Finally, Wilson has not explained what attempts, if any, he has made to retain counsel to represent his interests.

(Filing No. 110, (Filing No. 2).

Wilson's pending objection does not answer the questions raised in the court's prior order. Wilson has not stated whether Shadle still wants to marry him; a key fact in deciding whether the constitutional right to marriage remains an issue in this case which, in turn, bears on the complexity of the issues to be decided. Moreover, Wilson has not provided a full and complete explanation of his financial assets and debts, and he has not identified with any specificity his own efforts to obtain counsel representation.

Wilson's renewed request for appointed counsel will therefore be denied. To the extent that Wilson's objection is construed as a response to my prior order, (Filing No. 110), the court finds Wilson will be self-represented in this lawsuit.

Accordingly,

IT IS ORDERED that as to Plaintiff Wilson's Objection to Dismissal, (Filing No. 112):

1)   Wilson's objection to Shadle's settlement and voluntary dismissal of her claims with prejudice is overruled.

2)   Wilson's request for appointed counsel is denied.

3)   Wilson will be litigating this action pro se.

February 14, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge