IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAROLD BRYAN WILSON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JASON GEERDES, in his Official Capacity; et. al;<br><br>　　　　　　　Defendants. | 8:16CV524<br><br>**MEMORANDUM AND ORDER** |

The following filings are pending before me:

- The Motion to Appoint Counsel filed by Plaintiff Harold Wilson, ("Wilson") (Filing No. 124);

- Defendants' Motion to Depose a Confined Person, (Filing No. 126), and to extend the deposition deadline, (Filing No. 126), and Plaintiff's associated objections, (Filing Nos. 128 and 131); and

- Wilson's Motion to Depose Michael Gooch, his former court-appointed counsel, (Filing No. 132).

For the reasons stated below, Plaintiff's motions will be denied, and Defendants' motion will be granted.

As summarized by Judge Rossiter:

The crux of Wilson's suit is that he wants to marry fellow prisoner Riley Nicole Shadle ("Shadle"), but the officials will not let him, in violation of his constitutional rights. On October 17, 2017, Wilson and Shadle, with the assistance of court-appointed counsel, Michael D. Gooch ("Gooch"), filed a Second Amended Complaint (Filing No. 64), alleging the officials (or their predecessors) (1) denied their right

> to marry without any penological interest (2) refused to notarize Wilson's signature on an application and affidavit required to obtain a marriage license, and (3) placed Shadle in segregation and transferred Wilson to another facility in retaliation for attempting to exercise their rights to marry and to obstruct and interfere with those rights. Relying on 42 U.S.C. § 1983, Wilson and Shadle asked the Court to (1) declare that any NDCS policy infringing on their right to marry is unconstitutional and (2) enjoin the officials "from obstructing or interfering with their efforts to marry."

(Filing No. 122, at CM/ECF pp. 1-2). After the Second Amended Complaint was filed, Gooch moved to withdraw due to a conflict of interest. That motion was granted and the following day, Shadle moved to voluntarily dismiss her claims. (Filing No. 106).

Defendants' moved for summary judgment, arguing that if Shadle no longer wants to marry Wilson, then Wilson's right to marriage claim must be denied as moot. On May 13, 2019, Judge Rossiter denied Defendants' motion, noting no evidence indicating whether Shadle remains willing to marry Wilson. "That Shadle settled her own § 1983 claims against the officials does not definitively establish that Shadle does not want to marry Wilson or render Wilson's claims moot." (Filing No. 122, at CM/ECF p. 5). Judge Rossiter reasoned that Shadle may still be "willing to marry Wilson if he successfully removes all the obstacles in their way,". . . and "[t]hat reasonable possibility presents a live controversy."

In response to Judge Rossiter's reasoning, Defendants now request leave to depose Shadle to secure her testimony on the pivotal issue of whether she still wants to marry Wilson. (Filing No. 126). Federal Rule of Civil Procedure Rule 30(a)(2)(B) states that a party must obtain leave of court to depose a person confined in prison. Leave shall be granted to the extent consistent with the

principles stated in Rule 26(b)(2). Fed.R.Civ.P. 30(a)(2). Wilson objects to Defendants' motion to depose Shadle because the deposition deadline has passed. (Filing No. 128). He further objects to Defendants' suggestion that Wilson be allowed to attend and participate in the deposition telephonically. (Filing No. 131). Wilson also moves for an order allowing him to depose his former attorney, Michael Gooch, (Filing No. 132), and he requests appointment of counsel. (Filing No. 124).

The deposition deadline was January 31, 2019. (Filing No. 101). Defendants' motion for leave to depose Shadle was not filed until June 11, 2019. Pursuant to Rule 16(b)(4), a case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

The court finds that as to the focus of Defendants' requested deposition, Shadle's interest in marrying Wilson, new and previously unforeseen circumstances arose when Shadle moved to dismiss in return for payment of the federal filing fee. And during the four weeks thereafter, to a date after the deposition deadline, deposing Shadle was not feasible because no one knew whether Wilson would be represented by counsel or appearing pro se. Wilson had moved for appointment of counsel on two occasions after January 17, 2019, with the later motion denied on February 12, 2019—after the deposition deadline.

Under the circumstances presented, the court finds that Defendants were diligent in pursuing discovery herein, the need for Shadle's deposition was not apparent until she filed her motion for dismissal, and Defendants acted appropriately in not noticing Shadle's deposition while the issue of Wilson's representation remained unresolved. The court further finds that Defendants will be prejudiced if they are not permitted to secure testimonial evidence from Shadle on the issue of whether she wants to marry Wilson.[1]

The court therefore finds the defendants have shown good cause for modifying the case progression order to permit Defendants to depose Shadle. Wilson's objection based on timeliness, (Filing No. 128), will be overruled.

Defendants propose that Wilson be allowed to attend Shadle's deposition telephonically. While Wilson objects, telephonic depositions—by counsel and pro se parties alike—are common and permitted under the Federal Rules. Wilson has not explained how his due process rights will be violated if he is not permitted to attend Shadle's deposition in person. Moreover, the court finds no prejudice will arise from telephonic attendance, particularly given the limited scope of Defendants' anticipated questioning. Defendants' motion to depose Shadle will be granted, and Wilson's objection to attending that deposition telephonically will be overruled.

Wilson moves to depose his former attorney, Michael Gooch. Gooch was granted leave to withdraw as counsel for Wilson when a conflict arose between Wilson and Shadle. Wilson has not explained how the deposition of his former

---

[1] The court notes that after Defendants' motion was filed, Shadle filed an affidavit stating she still wants to marry Wilson. (Filing No. 130). But Defendants are entitled to examine Shadle to determine the veracity of her written statements and the reason she filed the affidavit.

4

attorney could reveal any information relevant to the claims alleged within the operative and governing pleadings for this lawsuit. Rather, it appears Wilson is again attempting to litigate a claim for reimbursement of the filing fee he paid on Shadle's behalf. (See [Filing No. 132](#)). As the court has already explained, if such a claim exists, it is a breach of contract or equity claim separate and apart from the claims being litigated in this lawsuit. ([Filing No. 110, at CM/ECF p. 1](#)). Moreover, Wilson has not shown that any information Gooch may have cannot be obtained from another source; in this case, Shadle. See e.g., [Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 729 (8th Cir. 2002)](#) (holding a party cannot depose opposing counsel absent showing the attorney's testimony is relevant, that the information he or she has is critical to the deponent's case, and no other information source exists). The practice of deposing attorneys who represent a party "does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." [Shelton v. American Motors Corp., 805 F.2d 1323, 1330 (8th Cir. 1986)](#). Wilson' motion to depose Gooch will be denied.

Wilson has again moved for appointment of counsel. And he has again failed to explain with any specificity his own efforts at retaining counsel. Moreover, if the viability of this case hinges on the question of whether Shadle still wants to marry Wilson, the remaining discovery is minimal and not complex—it hinges on a "yes" or "no" question posed to Shadle and independent of the discovery was previously exchanged between the parties or whether Wilson has access to all such documents. Provided the penal institution housing can accommodate Wilson's telephonic attendance at Shadle's deposition, Wilson need not have counsel at this time. If attending the deposition by telephone cannot be accommodated and/or if the issue of Wilson's right to marry remains after Shadle's deposition is taken, the court will again review any request for

appointment of counsel. But for now, Wilson' renewed motion for appointment of counsel will be denied.

Accordingly,

IT IS ORDERED:

1) The Motion to Appoint Counsel filed by Plaintiff Harold Wilson, ([Filing No. 124](#)), is denied without prejudice to re-filing if the substantive merits of the right to marry claim must be decided by the court, either by motion or at trial.

2) Plaintiff's objections, (Filing Nos. [128](#) and [131](#)), are overruled, and Defendants' Motion to Depose a Confined Person and to extend the deposition deadline, ([Filing No. 126](#)), is granted as follows:

   a. Defendants' deposition of Riley Shadle will commence at a date and time agreeable to the penal facilities where Shadle and Plaintiff Harold Wilson are housed. The location of the deposition shall be a place agreeable to the administration of that penal facility.

   b. Riley Shadle is ordered to attend the deposition as scheduled, and Shadle shall cooperate fully with the deposition process to the extent required by law.

   c. Shadle is reminded that failing to attend and fully cooperate in the deposition process will be deemed a violation of this court's order, which may result in civil or criminal contempt proceedings, and may also impact the calculation of earned and unearned good time credit.

   d. A copy of this order shall be attached to the notice of deposition served on Riley Shadle. If the notice is served on counsel for Shadle, the deponent's counsel shall forward the notice with this order to Shadle and shall file a certificate of service stating the date and manner of service.

   e. If Harold Wilson chooses to participate in the deposition of Shadle, he shall do so telephonically.

    f.       Wilson's participation will be limited to the objection and cross-examination purposes provided under Fed. R. Civ. P. 30(c). Defendants may suspend the deposition and contact the Court if Wilson attempts to use the deposition for any other communicative purpose.

    g.      Wilson is reminded that absent a showing of good cause, his failure to attend the deposition of Shadle as scheduled will be deemed a waiver of any right to attend, and to cross-examine or question Shadle prior to trial.

    h.      Wilson is further reminded that any failure to fully cooperate in the deposition process, or any attempt to use this deposition for any purpose other than securing testimony relevant to this lawsuit, will be deemed a violation of this court's order, which may result in civil or criminal contempt proceedings, and may also impact the calculation of earned and unearned good time credit.

3) Wilson's Motion to Depose Michael Gooch, his former court-appointed counsel, (Filing No. 132), is denied.

July 9, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge